UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

CLIFFORD J. PEARSON, Jr., as Legal       )
Guardian And Next Friend of MP, A Minor, )
        Plaintiff,                                        )
                                                )
        vs.                                               )              1:05-cv-1362-SEB-VSS
                                                 )
FORD MOTOR COMPANY,                   )
        Defendant.                                      )

## ENTRY GRANTING DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on Defendant Ford Motor Company's ("Ford")

Motion to Dismiss Plaintiff Clifford J. Pearson, Jr.'s ("Mr. Pearson") Complaint alleging

Indiana state law claims of negligence, wanton misconduct, and products liability against

Ford.  Mr. Pearson's claims relate to a July 6, 2003, accident involving a Ford Explorer

driven by Clifford J. Pearson, Mr. Pearson's father, which injured MP, Mr. Pearson's

minor child.   Ford does not dispute Mr. Pearson's allegations concerning the accident;

however, Ford asserts that all of Mr. Pearson's claims are barred by Indiana's two-year

statute of limitations for negligence and product liability claims as contained in Indiana

Code § 34-20-3-1.  Mr. Pearson does not dispute that the explicit language of IC 34-20-3-

1 would bar his claims; however, he contends that under the Privileges and Immunities

Clause of the Indiana Constitution[1] the statute of limitations period is unconstutional as

applied to minors, and MP in particular, and thus his claims should not be time-barred.

---

[1] IND. CONST. Art I, Sec. 23.

We decline to rule that IC 34-20-3-1 unconstitutional under the Indiana Constitution and,

thus, <u>GRANT</u> Defendant's Motion to Dismiss.

<u>Legal Analysis</u>

The only issue before us is whether the statute of limitations contained in IC 34-

20-3-1 as applied to minors is unconstitutional under the Privileges and Immunities

Clause of the Indiana Constitution.

The clear holdings of prior Indiana state court decisions indicate that the

challenged statute of limitations is constitutional.  In the case of <u>Orr v. Turco Mfg. Co.,</u>

<u>Inc.</u>, 484 N.E.2d 1300 (Ind. App. 1985), the Indiana Court of Appeals found that IC 33-1-

1.5-5, the predecessor statute to IC 34-20-3-1, survived a challenge raised under another

provision of the Indiana Constitution.[2]  The Court of Appeals stated:

> [The Indiana Supreme] Court held in <u>Sherfey v. City of Brazil</u>, (1937) 213 Ind.
> 493, 13 N.E.2d 568, that the Legislature is not under mandate from the constitution
> to suspend the obligation of statutes of limitation in the case of infancy or
> incapacity.

<u>Orr v. Turco Mfg. Co., Inc.</u>, 484 N.E.2d 1300, 1302 -1303 (Ind. App. 1985).  As of the

date of this opinion, the <u>Orr</u> decision has not been overturned or distinguished by Indiana

State courts.

Mr. Pearson asks us to disregard the clear, prior holdings of Indiana courts and,

instead, forge new legal ground by invalidating the Indiana statute of limitations period as

applied to minors.  For support of his novel interpretation of the Indiana Constitution, Mr.

---

[2] IND. CONST., Art. I Sec. 12.

Pearson cites the reasoning of <u>Collins v. Day</u>, 644 N.E.2d 72 (Ind. 1994) (affirming the

dismissal of a worker's compensation claim); and <u>Ledbetter v. Hunter</u>, 822 N.E.2d 982

(Ind. 2004) (invalidating the medical malpractice statute of limitations as applied to

minors, a decision thereafter vacated by the Indiana Supreme Court).  Neither of these

cases is controlling, or even persuasive, authority to establish that Indiana Courts would

invalidate the challenged statute of limitations as applied to minors.  The latter decision,

<u>Ledbetter</u>, has been vacated by the Indiana Supreme Court and thus "has no precedential

value."  <u>Meyer v. Biedron</u>, 667 N.E.2d 752, 753 (Ind. 1996).  The former case, <u>Collins</u>, is

not directly on point, in that it held the exclusion of agricultural employees from the

Workers Compensation Act did not violate the Indiana Privileges and Immunities Clause.

Were we inclined to extend the reasoning in <u>Collins</u> to the statute of limitations at issue in

this case, it is not altogether clear, or even probable, that Indiana Courts would invalidate

the relevant statute of limitations as applied to minors.  Nonetheless, our role as a federal

court is not to speculate on yet unresolved, even unaddressed, questions of state

constitutional interpretation.  Such issues are properly left to the state courts to resolve

and, indeed, the now pending Indiana Supreme Court decision in <u>Ledbetter</u> may well

decide the issue.[3]

---

[3] Mr. Pearson also briefly argues that, pursuant to <u>Martin v. Richey</u>, 711 N.E.2d 1273 (Ind. 1999) (extending the <u>Collins</u> reasoning), we should find the statute of limitations unconstitutional as applied to the minor MP in this case.  Essentially, Mr. Pearson is arguing on behalf of MP that MP was disadvantaged since Mr. Pearson failed to timely file a claim on her behalf.  While we sympathize with MP, Mr. Pearson's failure to timely file her claim does not grant us license to disregard the clear language of IC 34-20-3-1 or the state court decisions that
(continued...)

In initiating this action, Mr. Pearson chose to bring suit in federal court and, thus, he must content himself with the limitations and remedies available in his forum of choice. Accordingly, being bound by the clear language of the Indiana Code and state court precedent, Mr. Pearson's claims are barred by IC 34-20-3-1 and must therefore be dismissed.

### Conclusion

As explained above, the Mr. Pearson's claims are barred by the two year statute of limitations contained in IC 34-20-3-1. Accordingly, we GRANT the Ford's Motion to Dismiss with prejudice. IT IS SO ORDERED.

Date: _____11/16/2005_____

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copy to:

W. Scott Montross
TOWNSEND & MONTROSS
townsendmontross@aol.com

Kevin C. Schiferl
LOCKE REYNOLDS LLP
kschiferl@locke.com

---

[3](...continued)
have explicitly upheld the application of statute of limitations to minors.

Robert B. Thornburg
LOCKE REYNOLDS LLP
rthornburg@locke.com

C. Tab Turner
TURNER & ASSOCIATES
tab@tturner.com

Jerry M. White
TURNER & ASSOCIATES P.A.
jerry@tturner.com